UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | Criminal No. 5:20-cr-00033-GFVT-MAS |
| ) | |
| V.   ) | |
| ) | **MEMORANDUM OPINION** |
| SCOTTY DALE JOHNSON,   ) | **&** |
| ) | **ORDER** |
| Defendant.   ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court considers defendant Scotty Dale Johnson's Motion for Extension of Time and Motion to Revoke Detention Order. [R. 29.] Following a detention hearing, Magistrate Judge Matthew A. Stinnett determined Mr. Johnson should be detained pending trial pursuant to the Bail Reform Act, 18 U.S.C. § 3141, *et seq.* [R. 23.] Mr. Johnson requests review of that order pursuant to 18 U.S.C. § 3145(b). [R. 29-3.] Mr. Johnson also requests an extension of time to file his Motion to Revoke, which was late filed due to "miscommunication and the challenges in the contact rules between Counsel and the Defendant due to the current pandemic[.]" [R. 29 at 1.] Counsel for the United States does not object to the extension of time, but argues Judge Stinnett correctly decided the issue of detention. [R. 31.] For the following reasons, Mr. Johnson's Motion for Extension of time is GRANTED, but his Motion to Revoke Detention is DENIED.

**I**

In February, 2020, Defendant Scotty Dale Johnson was indicted with nine counts of producing visual depictions involving a minor engaged in sexually explicit conduct, twelve

counts of receiving visual depictions involving minors engaged in sexually explicit conduct, and one count of possession of visual depictions involving minors engaged in sexually explicit conduct. [R. 1.] Mr. Johnson is alleged to have used a fake Snapchat profile to masquerade as a teenage girl in order to persuade minor males to produce and send sexually explicit photos of themselves to his fake Snapchat identity. [R. 31 at 2.] Mr. Johnson was arrested and on March 25, 2020 a detention hearing was held before Magistrate Judge Matthew A. Stinnett. [R. 20.] Due to the COVID-19 pandemic, Mr. Johnson's detention hearing, which was initially set for February 28, 2020, was continued twice before ultimately taking place via video conference. Mr. Johnson's appointed counsel, Mr. John C. Helmuth, was present for the video hearing. [R. 20.] The Court heard testimony of three witnesses, a proffer on behalf of Defendant, and argument from counsel. *Id.* The United States oral motion for detention was taken under advisement. *Id.*

On April 1, 2020, Judge Stinnett issued a written order granting the United States' motion for pretrial detention. [R. 23.] As an initial matter, Judge Stinnett noted that the Bail Reform Act establishes a presumption of detention for the crimes charged. *See* 18 U.S.C. § 3142(e)(3)(E). The United States' argument, and by extension the Court's analysis, focused primarily on potential danger to the community and only briefly addressed the risk of flight. [R. 23 at 1.]

With respect to the risk of flight, Judge Stinnett found the United States failed to establish by a preponderance of the evidence that Mr. Johnson was flight risk. *Id.* at 4. Judge Stinnett observed that Mr. Johnson's ties are to the Commonwealth. His family, including his mother, stepfather, siblings, wife and children reside in central Kentucky. Further, Mr. Johnson is employed in Kentucky, although presently suspended without pay. *Id.*

Judge Stinnett's written order next addresses the risk of danger to the community should Mr. Johnson be released. *Id.* To rebut the presumption of detention based on danger to the community, Mr. Johnson suggested several bond conditions. Judge Stinnett considered testimony from Mr. Johnson's wife that "she would be a custodian of Johnson, and that either she or Johnson's mother would be at home to "watch" him at all times." *Id.* Mr. Johnson proffered his access to the Internet could be restricted and his use of Internet-capable devices prohibited. Mrs. Johnson testified she could change the Internet passwords and/or remove Internet capable devices from the home, and Mr. Johnson proposed home detention with GPS monitoring to mitigate risk to the community. *Id.* Based on this, Judge Stinnett found Mr. Johnson had rebutted the presumption of detention based on risk of danger to the community.

In considering the evidence of the United States, however, Judge Stinnett found that the United States proved by clear and convincing evidence that Mr. Johnson posed a danger to the community and should therefore be detained. In doing so, Judge Stinnett addressed each of the four relevant factors contained in the Bail Reform Act. Judge Stinnett found that because Mr. Johnson's offense involved a minor victim, the nature and circumstances of his offense weighed in favor of detention. *Id.* Next Judge Stinnett considered the weight of the evidence against Mr. Johnson. Relying on the testimony of FBI agent Kidd, Judge Stinnett noted the "aggressiveness with which Johnson allegedly pursued minors online and coerced them into providing him with sexually explicit images[.]" Judge Stinnett found this factor weighed in favor of detention.

Conversely, the third factor pointed to release. Mr. Johnson has no criminal history other than speeding tickets. Additionally, Mr. Johnson has some education and no history of substance abuse. Therefore, the third factor weighed in favor of Mr. Johnson. Fourth and finally, Judge Stinnett considered "the nature and seriousness of the danger to any person or the community

3

that would be posed by the person's release." 18 U.S.C.§ 3142(g)(4). Due to "the myriad of Internet-capable devices available, including those that work with data plans rather than wifi access," Judge Stinnett found it would be "almost impossible" to effectively police Mr. Johnson's internet use. [R. 23 at 8.] Judge Stinnett doubted Mrs. Johnson's ability to effectively monitor Mr. Johnson, when the alleged crimes took place under her nose, without her knowledge. Finally, Judge Stinnett credited Agent Kidd's testimony about frequency Mr. Johnson allegedly used Snapchat to communicate with minors, sometimes "many hours per day." *Id.* Based on this evidence, Judge Stinnett found the United States established, by clear and convincing evidence, that Mr. Johnson is a danger to the community, and the Bail Reform Act requires detention. *Id.* at 9. Mr. Johnson has challenged this detention order, and requests that this Court, after a *de novo* review of the record, release the Defendant pending trial. [R. 29.]

**II**

Pursuant to the Bail Reform Act, 18 U.S.C. § 3141, *et seq.*, a defendant may be detained pending trial only when a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The default position of the law is that a defendant should be released pending trial. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). However, this default is modified for certain defendants considered "particularly dangerous." *Id.* If probable cause exists to believe that a defendant committed one of the crimes listed in 18 U.S.C. § 3142(e)(3), there is a rebuttable presumption in favor of detention. A grand jury indictment alone will satisfy the probable cause requirement. *See United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

Section 3142(e)(3) imposes a "burden of production" on the defendant, while the

Government retains the ultimate "burden of persuasion." *Stone*, 608 F.3d at 945. While a defendant's burden of production is not heavy, the defendant must come forward with some evidence to suggest he does not pose either a danger to the community or a risk of flight. *Id.* (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Satisfying this burden of production is insufficient to fully overcome the presumption in favor of detention; instead, the presumption remains a factor to be weighed by the district court. *Id.*

Regardless of whether a presumption in favor of detention applies to a particular defendant, the Government must prove that no conditions of release can ensure the safety of the community or the defendant's appearance in future court proceedings. *Id.* Section 3142(g) delineates factors for courts to consider in order to determine whether the Government has satisfied this burden of persuasion:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . . a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g). A court's consideration of these factors should not be construed to modify

or limit the defendant's presumption of innocence.  18 U.S.C. § 3142(j).

With this legal framework in mind, the Court considers Mr. Johnson's request.  First, the Court finds the Government satisfied its burden to show probable cause that Mr. Johnson committed one of the crimes listed in 18 U.S.C. § 3142(e)(3).  A grand jury indictment was returned against Mr. Johnson with nine counts of producing visual depictions involving a minor engaged in sexually explicit conduct, twelve counts of receiving visual depictions involving minors engaged in sexually explicit conduct, and one count of possession of visual depictions involving minors engaged in sexually explicit conduct.  [R. 1.]  As a result, the default in Mr. Johnson's case is a presumption in favor of detention.  *See* 18 U.S.C. § 3142(e)(3); *Hazime*, 762 F.2d at 37.

Because of this presumption, the burden shifts to the Defendant to offer rebuttal evidence.  Mr. Johnson, through counsel, offered certain evidence at the detention hearing before Judge Stinnett, and he reiterated that same evidence in his Appeal of Magistrate Judge's Order of Detention.  [R. 29.]  The Court, like Judge Stinnett, finds that Mr. Johnson has adequately rebutted the presumption in favor of detention as to his flight risk.  [*See* R. 20 at 4.]  It is clear that Mr. Johnson's life is in the Commonwealth.  His immediate and extended family reside in central Kentucky, and he is employed in Kentucky.  Mr. Johnson is not an apparent flight risk, and the Court could create conditions that would prevent nonappearance.

The risk of danger to others or the community is a more complicated inquiry.  The undersigned agrees with Judge Stinnett's assessment that Mr. Johnson overcame the initial presumption of detention with respect to risk of danger.  Mr. Johnson's wife was willing to comply with all conditions of Mr. Johnson's release and attempt to eliminate his access to the

Internet and Internet-capable devices. The Court now turns to the factors of 18 U.S.C. § 3142(g) to determine whether the Government has met their burden of persuasion.

First, the "nature and circumstances of the offense charged" clearly weigh in favor of detention. 18 U.S.C. § 3142(g)(1) specifically directs the Court to consider whether the charged crime is a crime of violence or involves a minor victim. Mr. Johnson's alleged crimes involves a minor victim and are considered crimes of violence. Therefore, as Judge Stinnett found, the first § 3142(g) clearly weighs in favor of detention.

Next, the "weight of the evidence" against Mr. Johnson favors detention. *See* 18 U.S.C. § 3142(g)(2). This factor relates to the weight of the evidence of a defendant's dangerousness, not the weight of evidence of his guilt. *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). According to testimony from Agent Kidd, Mr. Johnson used his fake Snapchat account to make contact with nearly 1,400 unique Snapchat users. Mr. Johnson is alleged to have specifically requested certain explicit photos from users who claimed to be minors within their chats with Mr. Johnson. Agent Kidd also testified that Mr. Johnson used a second fake Snapchat account to pose as a teenage male and "intimidate Snapchat users who were reluctant to send sexually explicit material to Johnson's main Snapchat account." [R. 20 at 6.] This second factor weighs in favor of detention.

The third factor militates in favor of release. Aside form speeding tickets, Mr. Johnson has no criminal history. However, a lack of criminal history in no way mandates release. This factor is weighed against the others. The Court considers Mr. Johnson's lack of criminal history, but does not find that it overcomes the presumption of detention in his case.

As the final factor, the Court considers "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *See* 18 U.S.C. §

3142(g)(4). At the detention hearing before Judge Stinnett, Mr. Johnson suggested some conditions of release that argued would mitigate the danger he might pose to the community. Although Mrs. Johnson is willing to comply with stringent bond conditions, which could include restricting active internet in the home, the Court is not convinced that it could adequately prohibit Mr. Johnson from accessing the internet in nearby libraries, restaurants, or coffeeshops; from a cell phone; or myriad other ways. Although the pandemic makes access to such places limited at best, as the economy begins to reopen access to such establishments will only increase. Furthermore, Mr. Johnson is alleged to have engaged in this conduct without his wife's knowledge. It is unlikely that she will suddenly become completely effective at monitoring his movements and use of Internet-capable devices. This type of offense, by nature, is difficult to curb regardless of the conditions imposed. Therefore, the Court finds that this factor weighs in favor of pretrial detention.

While there is no evidence that Mr. Johnson is a physically violent person, the consequences of sexual contact with a minor have a lasting, and often devastating, impact on individuals and families. The images Mr. Johnson is said to have solicited will exist on the internet, somewhere, forever. The Court finds that there are no conditions of release that will both assure the appearance of and protect the public from Mr. Johnson. As such, detention pending trial is appropriate.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1.	Defendant Scotty Dale Johnson's Motion for Extension of Time **[R. 29]** is **GRANTED**;

2. Mr. Johnson's Motion to Revoke Detention Order [**R. 29**] is **DENIED**; and

3. Mr. Johnson shall be held in custody pending trial.

This the 15th day of May, 2020.

Gregory F. Van Tatenhove
United States District Judge